| | |
|---|---|
| JAMES EARL KELLEY, | ) |
| | ) ***E-FILED - 4/24/12*** |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) No. CR-07-0323-DLJ |
| | ) |
| | ) |
| | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent, | ) |
| _____ | ) |

On December 5, 2011 Petitioner James Earl Kelley filed a "Motion for Resentencing." In his motion petitioner claims that his sentence should be adjusted because he has not been given credit for time he spent in the Cornell Corrections Center, a half-way house, prior to the time petitioner was sentenced.

The matter Kelley seeks to place before the Court, however, is not within the authority of the Court to determine. Under 18 U.S.C. § 3568, the responsibility for computing sentences and awarding prisoners credit for jail time already served lies with the Attorney General and the Bureau of Prisons. 18 U.S.C. § 3568; United States v. Clayton, 588 F.2d 1288, 1292 (9th Cir. 1979); see also Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).

Moreover, the current state of the law, as set out in Reno v. Koray, 515 U.S. 50 (1995), is that time spent at a community treatment center while on pre-trial detention is not "official detention" within the meaning of 18 U.S.C. § 3585(b) and does not therefore count as credit for time served against a sentence of imprisonment. Id. at 65. Under Reno, even if the Court had

jurisdiction in this matter, it would be foreclosed from granting petitioner the relief he seeks regarding credit for time spent at Cornell Corrections prior to his sentence. For these reasons, Petitioner's Motion is DENIED.

IT IS SO ORDERED

Dated: April 24, 2012  _____
D. Lowell Jensen
United States District Judge

Copy of Order E-Filed to Counsel of Record: